DOUGLAS COUNTY ASSESSOR

*v.*

DEPARTMENT OF REVENUE

*and*

DBSI-TRI IV
dba Forest Village Apartments,
a partnership,
*Intervenor*

(TC 3803)

Paul E. Meyer, Assistant County Counsel, Douglas County, represented plaintiff (assessor).

Rochelle Nedeau, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

David L. Canary, and John H. Gadon, Garvey, Schubert & Barer, Portland, represented intervenor.

Declaratory ruling was issued February 16, 1996.

### CARL N. BYERS, Judge.

Plaintiff, Douglas County Assessor (assessor), seeks a declaratory ruling construing ORS 308.205(2)(d) as it may apply to a particular low-income housing property. Intervenor, owner of the subject property, has joined with the Department of Revenue (department) in asserting that the statute requires the assessed value to reflect governmental restrictions on the use of the property.

The subject property is a 24-unit apartment located in Reedsport. The improvements were constructed in 1978 and financed with a 40-year loan through the Farmers Home Loan Administration (now known as the Rural Economic and Community Development Services). The loan bears an interest rate of one percent per annum and covered 97 percent of the cost of construction. In exchange for this financing, the owner was required to commit the property to serve low-income tenants as part of the Rural Rental Housing program. 42 USC § 1485. Under this program, a government agency sets the rents, and the owner is limited to an eight percent return on the initial investment each year.

Intervenor purchased the property in 1984 from the original owner. Intervenor assumed the beneficial financing subject to the same governmental restrictions. It is important to note that Congress subsequently adopted the Emergency Low Income Housing Preservation Act, codified at 42 USC § 1472(c), making it more difficult for an owner to prepay low-interest loans and remove the restrictions associated with such loans.

The assessor's Motion for Declaratory Ruling presents three issues:

1. Whether the limitations on the use of the property and the benefits to be derived therefrom constitute "governmental restrictions" within the meaning of ORS 308.205(2)(d);[1]

2. Whether ORS 308.205(2)(d) applies to the income approach to valuation; and

3. If ORS 308.205(2)(d) applies to the income approach, how should the subsidized interest rate be accounted for or reflected in the income approach?

The statute in question is part of ORS 308.205, which provides the statutory definition of value for property tax assessment purposes. Inasmuch as ORS 308.205 constitutes the context for the provision in question, it is appropriate to quote the statute in full. ORS 308.205 provides:

"(1)  Real market value of all property, real and personal, as the property exists on the date of assessment, means the minimum amount in cash which could reasonably be expected by an informed seller acting without compulsion from an informed buyer acting without compulsion, in an arm's-length transaction during the fiscal year.

"(2)  Real market value in all cases shall be determined by methods and procedures in accordance with rules adopted by the Department of Revenue and in accordance with the following:

"(a)  The minimum amount a typical seller would accept or the highest amount a typical buyer would offer which could reasonably be expected by a seller of property.

"(b)  An amount in cash shall be considered the equivalent of a financing method that is typical for a property.

"(c)  If the property has no immediate market value, its real market value is the amount of money that would justly compensate the owner for loss of the property.

"(d)  If the property is subject to governmental restriction as to use on the assessment date under applicable law or regulation, real market value shall not be based upon sales that reflect for the property a value that the property

---

[1] All references to the Oregon Revised Statutes are to the 1993 Replacement Part.

would have if the use of the property were not subject to the restriction unless adjustments in value are made reflecting the effect of the restrictions."

ORS 308.205 basically adopts a market value or value in exchange concept. This concept is the subject of endless examination, discussion and revision by appraisers. Different schools of thought or philosophies focus on whether the price or amount should be the "highest price," "most probable price," or "equilibrium value." *See* Appraisal Institute, *The Appraisal of Real Estate*, 18 (10th ed 1992). ORS 308.205 uses the term "minimum amount," which may have some impact under particular market conditions. This standard should be viewed as the low end of the range of value indicated by the market data.

Market value is generally determined by one or more of three basic valuation approaches. Those approaches are the cost approach, sales comparison approach, and income approach. ORS 308.205(2)(d) is a procedural rule pertaining to the sales comparison approach. The provision merely requires that comparable sales used in a sales comparison approach be subject to similar government restrictions or that adjustments be made to reflect those restrictions. The provision makes explicit that which is implicit in the sales comparison approach, *i.e.*, governmental restrictions are differences that must be adjusted for if the properties are to be compared.

As counsel for the assessor acknowledges, the Supreme Court's decision in *Bayridge Assoc. Ltd. Partnership v. Dept. of Rev.*, 321 Or 21, 892 P2d 1002 (1995), broadly defined government restrictions. The court stated:

"The context of ORS 308.205(2) (1989) supports the view that the legislature intended * * * the phrase 'governmental restriction as to use' to encompass a broad realm of potential governmental limitations." *Id.*, 321 Or at 30.

There is no dispute that intervenor's benefits from the subject property are limited by the agreement with the government. That agreement transfers some of the benefits of the property to the public. Assuming the agreement is valid and the government may enforce its rights under the agreement, the restrictions upon intervenor's benefits and

rights constitute governmental restrictions: *See Bayridge Assoc. Ltd. Partnership v. Dept. of Rev.*, 13 OTR 24 (1994), *aff'd* 321 Or 21, 892 P2d 1002 (1995).

■ As this court mentioned in *Gangle v. Dept. of Rev.*, 13 OTR 343 (1995), ORS 308.205(2)(d), by its terms, applies only to the sales comparison approach. However, because the subsection does not add anything of substance to the valuation process, its limited application is inconsequential. An income approach, as a measure of real market value, considers governmental restrictions imposed on a property if those restrictions would not be removed by sale of the property. Although ORS 308.205(2)(d) may make explicit a standard which is already implicit in the sales comparison approach, its existence does not change or modify the conditions of an income approach.

The assessor seeks a declaratory ruling as to how the subsidized interest rate should be considered, if at all, in an income approach. Testimony at the hearing addressed the conditions and limitations surrounding a purchaser's assumption of the loan at the favorable interest rate. The parties are not in agreement, and there appears to be a dispute of fact that is not amenable by resolution in a motion for declaratory ruling. Consequently, the court can only state that the statute applies a market test.

■ An appraiser must analyze the restrictions and conditions on the use of subject property and determine if the market could and would take the interest rate into consideration in determining value. If the conditions for assumption of the low-interest financing are too stringent or expensive, or the remaining life of the loan is brief, the market may not give the low-interest rate loan any value. On the other hand, if a purchaser could assume and obtain the benefit of the low-interest loan and the conditions of the loan are acceptable, presumably the low-interest rate would affect the value in exchange. As indicated, this is a factual question to be determined based on an analysis of market data.

In summary, the court finds that the restrictions in question are governmental restrictions which must be considered in determining the real market value of the property. The private benefits associated with these restrictions, as

measured by the income approach, may influence value to the extent the market perceives value. The market and its perceptions are to be measured by traditional principles and approaches of estimating market value. Now, therefore,

IT IS HEREBY ORDERED that taxpayer's Motion for Declaratory Ruling is granted and this order constitutes that ruling.